1  MICHAEL D. BRUNO (SBN: 166805)
   mbruno@gordonrees.com
2  RYAN B. POLK (SBN: 230769)
   rpolk@gordonrees.com
3  GORDON & REES LLP
   275 Battery Street, Suite 2000
4  San Francisco, CA 94111
   Telephone: (415) 986-5900
5  Facsimile: (415) 986-8054

6  Attorneys for Defendant
   THE REGENTS OF THE UNIVERSITY OF CALIFORNIA
7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

11

12 | NIKI DUKELLIS,                    ) CASE NO. 3:17-cv-05700-LB
                                       )
13 |         Plaintiff,                ) **UPDATED JOINT CASE**
                                       ) **MANAGEMENT STATEMENT**
14 |    vs.                            )
                                       ) Date:  July 18, 2019
15 | REGENTS OF THE UNIVERSITY OF      ) Time:  11:00 a.m.
     CALIFORNIA,                       ) Ctrm:  B – 15th Floor
16 |                                   )
             Defendant.                ) Date Action filed:  10/03/2017
17

18      The parties, Niki Dukellis ("Plaintiff") and The Regents of the University of California

19 ("The Regents"), have met and conferred and submit this Updated Joint Case Management

20 Statement pursuant to the Clerk's Notice. (ECF 28.) The parties completed an initial mediation

21 last year, and remain in settlement discussions after new counsel for Plaintiff substituted into the

22 action. (ECF 19, 21.) The parties have made progress toward resolving the action, but further

23 negotiations are necessary to resolve the action by way of a settlement.

24      **A.    JURISDICTION AND SERVICE**

25      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. This action arises

26 under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, Section 504 of the

27 Rehabilitation Act, 29 U.S.C. § 701, *et seq.*, and California's Unruh Civil Rights Act, Cal. Civ.

28

-1-
UPDATED JOINT CASE MANAGEMENT STATEMENT

Code § 51.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).  Defendant was properly served. No other parties remain to be served.

### B.     BACKGROUND

This is an action for damages and injunctive relief brought by Plaintiff against The Regents for alleged violations of Title II of the ADA, Section 504 of the Rehabilitation Act, and California's Unruh Act.  Plaintiff, a former registered student at the University of California, Berkeley ("UC"), asserts that The Regents violated these statutes at all relevant times by failing to provide her adequate auxiliary aids and services and in connection with her alleged disability, a hearing/auditory processing impairment.  Plaintiff claims this alleged failure resulted in her being unable to complete certain classes (thereby resulting in receiving "Incompletes" and "F's").  The Regents denies any liability.

With respect to the relevant procedural background, Plaintiff filed her Complaint on October 3, 2017 (ECF 1), and The Regents filed its Answer and Affirmative Defenses on November 22, 2017 (ECF 8).  Although the case was initially under the purview of General Order 56 for cases asserting denial of rights under the ADA, the case was released from this Order on November 28, 2017 (ECF 13.)  On June 5, the Clerk set the case management conference for July 5, 2018.  (ECF 14.)  After meeting and conferring, the parties agreed to an early private mediation after conducting preliminary discovery, including the exchange of written discovery and Plaintiff's deposition.   The matter was not resolved at the initial mediation, but the parties have continued settlement discussions.  Since the last Joint Case Management Statement was submitted (ECF 29), the parties have made significant progress in their negotiations and are optimistic that a settlement can be achieved but still wish to move this matter forward on the court's calendar should those negotiations not result in a complete resolution of the matter. Plaintiff is currently auditing classes in hopes of re-entering to complete her degree so from her perspective this is a matter of some urgency.

### C.     LEGAL ISSUES

Plaintiff Niki Dukellis has filed suit against The Regents asserting various claims on account of her alleged disabilities.  Plaintiff has alleged claims under Title II of the ADA, section

504 of the Rehabilitation Act, and California's Unruh Act. All are premised upon UC's alleged failure to provide adequate auxiliary aids and services through its Disabled Students Program ("DSP") to support Plaintiff as a student enrolled at UC and UC Extension.

### D. MOTIONS

No motions are currently pending. It is anticipated that The Regents will file a motion for summary judgment and/or partial summary judgment if necessary. Plaintiff will file a motion for Preliminary Injunction and/or summary judgement if settlement talks do not resolve her claims for injunctive relief.

### E. AMENDMENT OF PLEADINGS

Plaintiff may amend the pleadings to substitute or add a cause of action under the Disabled Persons Act, California Civil Code Section 54.1 and to specify update issues related to U.C. Berkeley Extension classes which Plaintiff is presently auditing. Plaintiff contends the denial of auxiliary aids and services is ongoing and that she wishes to re-enroll once she can be assured that UC will provide her with the necessary auxiliary aids and services

### F. EVIDENCE PRESERVATION

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines")and confirm that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evidence in this action.

### G. DISCLOSURES

The parties have complied with the Initial Disclosure requirements of Fed. R. Civ. P. 26 and documents have been exchanged.

### H. DISCOVERY

There are currently no discovery disputes. The parties have agreed to a stay of further discovery while resolution efforts are ongoing. Plaintiff's deposition has been taken. If settlement negotiations do not result in a complete resolution of the matter, Plaintiff anticipates additional document requests, interrogatories and several depositions will be necessary.

-3-
UPDATED JOINT CASE MANAGEMENT STATEMENT

**I.     CLASS ACTIONS**

Not applicable.

**J.     RELATED CASES**

Not applicable.

**K.     RELIEF**

With respect to compensatory damages, Plaintiff seeks compensatory damages for emotional distress, embarrassment, lost earnings, loss of earning capacity, humiliation, and other non-specified general damages.  As for non-monetary relief, Plaintiff requests reinstatement and injunctive relief preventing The Regents "from its ongoing systematic and programmatic discrimination."  Plaintiff further prays for reasonable attorneys' fees, and costs of this suit.  The Regents denies that any of the requested relief is warranted.

**L.     SETTLEMENT AND ADR**

The parties participated in an early private mediation after preliminary discovery was completed, including the exchange of written discovery and Plaintiff's deposition.  As aforementioned, the parties have had productive settlement discussions to date and are hopeful that a settlement can be achieved.

**M.     CONSENT TO MAGISTRATE JUDGE**

The case has been assigned to Magistrate Laurel Beeler.  The parties have each filed a Consent to Proceed Before a U.S. Magistrate Judge (ECF 10, 12).

**N.     OTHER REFERENCES**

None at this time.

**O.     NARROWING OF ISSUES**

None at this time.

**P.     EXPEDITED TRIAL PROCEDURE**

The parties do not believe this case can be handled on an expedited basis with streamlined procedures.

**Q.     SCHEDULING**

The parties have agreed to the following case deadlines pursuant to Federal Rule of Civil Procedure 16 and Civil Local Rule 16-10:

- **Deadline to add parties or amend the pleadings:**  August 1, 2019
- **Fact discovery cut-off:**  March 30, 2020
- **Expert disclosures:**  April 20, 2020
- **Expert rebuttal:**  May 11, 2020
- **Deadline to file dispositive motions:**  May 25, 2020
- **Pre-trial conference statement:**  August 24, 2020
- **Pre-trial conference:**  August 31, 2020
- **Trial:** September 28, 2020

**R.     TRIAL**

The Parties anticipate that the estimated length of trial is 7-10 days.

**S.     DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

No interests to report.

**T.     PROFESSIONAL CONDUCT**

All attorneys of record for the Parties involved have reviewed and understand the Guidelines for Professional Conduct for the Northern District of California.

**U.     OTHER MATTERS**

None at this time

Dated:  July 11, 2019                    GORDON & REES LLP


                                        By:    /s/  *Ryan B. Polk*
                                                Ryan B. Polk
                                                Attorneys for Defendant
                                                THE REGENTS OF THE
                                                UNIVERSITY OF CALIFORNIA

1 | Dated:  July 11, 2019                                   DERBY, McGUINNESS & GOLDSMITH

By:   /s/ *Steven L. Derby*
         Steven L. Derby
         Attorneys for Plaintiff
         NIKI DUKELLIS

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

**ATTESTATION**

In accordance with Civ. L.R. 5.1(i)(3), I attest that concurrence in the filing of this document has been obtained from the other Signatory, which shall serve in lieu of his signature on the documents.

Dated: July 11, 2019

By: /s/ *Ryan B. Polk*
Ryan B. Polk

# **PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon Rees Scully Mansukhani, LLP 275 Battery Street, Suite 2000, San Francisco, CA 94111. On July 11, 2019, I served the within documents:

## **JOINT CASE MANAGEMENT STATEMENT**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Francisco, addressed as set forth below.

Steven Leo Derby
Derby, McGuinness & Goldsmith LLP
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Tel: (510) 987-8778
Fax: (510) 359-4419
Email: info@dmglawfirm.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 11, 2019 at San Francisco, California.

/s/ *Stacey Drucker*
Stacey Drucker